wo                                                                                                          KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melinda Gabriella Valenzuela, | No. CV 20-00335-PHX-MTL (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| Unknown Ornelas, et al., | |
| Defendants. | |

On February 13, 2020, Plaintiff Melinda Gabriella Valenzuela,[1] who is confined in the Arizona State Prison Complex-Florence, filed a Motion for Leave to File Pursuant to Court Order (Doc. 1), an Application to Proceed In Forma Pauperis (Doc. 3), and a Motion to Seal Document (Doc. 6), and lodged a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court will grant the Motion to File, direct the Clerk of Court file the Complaint, grant the Motion to Seal, and deny the Application to Proceed with leave to refile.

**I.      Vexatious Litigant Orders**

Plaintiff has filed more than 200 cases in this Court since 2002. In response, the Court has issued multiple vexatious litigant injunctions restricting Plaintiff's ability to file in this Court. In a November 27, 2017 Order in CV 16-00951-PHX-NVW (MHB), the Court amended the current vexatious litigant injunction and set additional pre-filing

---

[1] Plaintiff has also filed Complaints under the names Enrique Gabrielle Mendez, Enrique Mendez-Valenzuela, and Quennell Glover. Plaintiff is a transgendered woman and refers to herself with feminine pronouns.

requirements.  Pursuant to the amended injunction entered against Plaintiff, before filing a complaint, Plaintiff must obtain leave of the Court.  Specifically, Plaintiff must file a Motion for Leave to File that conforms to the following provisions:

> 1. Plaintiff must file, with each new Complaint, documentation showing that Plaintiff has pursued available administrative remedies. The documentation must include copies of Plaintiff's grievances, responses to those grievances, and any appeals filed by Plaintiff as well as responses to those appeals.
>
> 2. If Plaintiff's claims are based on allegations that she has a serious medical condition or has suffered serious physical injuries, **Plaintiff must file, with the Complaint, documentation of her medical condition(s) and/or injuries that goes beyond her own allegations in the complaint. This evidence may be in the form of medical records or sworn affidavits from medical professionals that document the conditions or injuries alleged in the complaint.**
>
> 3. As stated in the 2004 Injunction, Plaintiff must also file a Motion for Leave to File which contains:
>
>> (1) in the FIRST sentence, a request for leave to file;
>>
>> (2) in the SECOND sentence, a certification that the claims Plaintiff wishes to present are new claims never before raised and disposed of on the merits by any federal court.
>
> If any future Motion for Leave to File does not contain these two requirements, IN THE FIRST TWO SENTENCES, the Court will read no further, the Motion for Leave to File will be denied, and the case will be dismissed for failure to comply with this Order of this Court.
>
>> (3) in the THIRD sentence, a short, plain statement of the harm Plaintiff has suffered and by whom such harm was inflicted.  If the THIRD SENTENCE does not contain this requirement, and if the Court cannot determine what harm Plaintiff claims to have suffered and what Defendant allegedly committed the harm, the Court will read no further, the Motion for Leave to File will be denied, and the case will be dismissed for failure to comply with this Order of the Court.
>
> 4. Because Plaintiff has "three strikes," any in forma pauperis lawsuit she files must clearly, coherently, and

JDDL

credibly allege that Plaintiff is under imminent danger of serious physical injury. False allegations of imminent harm may subject Plaintiff to sanctions including further filing restrictions.

    5.    **If Plaintiff fails to comply with all the requirements of this Order in any filing, the Court will, without further notice, deny Plaintiff in forma pauperis status in that action and in all subsequent actions before this Court.**

CV 16-00951-PHX-NVW (MHB) (Doc. 88 at 2-4 (emphasis in original)).

Plaintiff has filed a Motion for Leave to File, copies of grievances related to her claims, and medical records supporting her claims regarding her medical condition. Accordingly, the Court will grant the Motion to File.

## II.    "Three Strikes Provision," 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A prisoner barred from proceeding in forma pauperis pursuant to § 1915(g) may proceed under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else. *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

Plaintiff has filed at least three actions in this Court that were dismissed as frivolous, malicious, or as failing to state a claim. *See*, *e.g.*, CV 02-01670-PHX-JAT (DKD), CV 02-01725-PHX-JAT (DKD), and CV 02-01726-PHX-JAT (DKD). Accordingly, Plaintiff may not bring a civil action without complete pre-payment of the $350.00 filing fee and $50.00 administrative fee unless Plaintiff is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

The imminent danger exception applies "if the complaint makes a *plausible allegation* that the prisoner faced 'imminent danger of serious physical injury' at the time

of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). In the Complaint, Plaintiff alleges that she has been diagnosed with hepatitis C and that Defendants have refused to treat her, causing her severe pain. These allegations are sufficient to meet the imminent danger requirement.

**III.     Payment of Filing Fee**

When bringing an action, a prisoner must either pay the $350.00 filing fee and a $50.00 administrative fee in a lump sum or, if granted the privilege of proceeding in forma pauperis, pay the $350.00 filing fee incrementally as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed in forma pauperis requires an affidavit of indigence and a *certified* copy of the inmate's trust account statement for the six months preceding the filing of the Complaint. 28 U.S.C. § 1915(a)(2). An inmate must submit statements from each institution where the inmate was confined during the six-month period. *Id.* To assist prisoners in meeting these requirements, the Court requires use of a form application. LRCiv 3.4.

If a prisoner is granted leave to proceed in forma pauperis, the Court will assess an initial partial filing fee of 20% of either the average monthly deposits or the average monthly balance in Plaintiff's account, whichever is greater. 28 U.S.C. § 1915(b)(1). An initial partial filing fee will only be collected when funds exist. 28 U.S.C. § 1915(b)(4). The balance of the $350.00 filing fee will be collected in monthly payments of 20% of the preceding month's income credited to an inmate's account, each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).

**IV.     Application Fails to Comply With Statute**

Plaintiff has used the court-approved form, but the "Certificate of Correctional Official as to Status of Applicant's Trust Account" section is not completed, and Plaintiff has not submitted a *current* certified six-month trust account statement. Plaintiff has filed a six-month trust account statement dated December 18, 2019, nearly two months before she filed the Complaint. Section 1915(a)(2), 28 U.S.C. requires her to file a six-month statement for the six months immediately preceding the filing of the Complaint. In light

of these deficiencies, the Court will deny the Application to Proceed and will give Plaintiff 30 days to either pay the $400.00 filing and administrative fees or file a complete Application to Proceed In Forma Pauperis.

The Arizona Department of Corrections (ADC) has notified the Court that a certified trust fund account statement showing deposits and average monthly balances is available from the ADC's Central Office. *Accordingly, Plaintiff must obtain the certified copy of her ADC trust fund account statement for the six months immediately preceding the filing of the Complaint from the ADC's Central Office.*

**V.     Motions**

In her Motion to Seal Document, Plaintiff asks that the Court seal the exhibits attached to the Motion because they contain copies of her medical records. The Court will grant the Motion and order the Clerk of Court to file the documents under seal.

**VI.    Warnings**

   **A.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **B.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's February 13, 2020 Motion for Leave to File (Doc. 1) is **granted**; the Clerk of Court must **file** the lodged Complaint.

(2) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 3) is **denied without prejudice**.

(3) Within **30 days** of the date this Order is filed, Plaintiff must either pay the $350.00 filing fee and $50.00 administrative fee **or** file a complete Application to Proceed In Forma Pauperis and a certified six-month trust account statement.

(4) If Plaintiff fails to either pay the $350.00 filing fee and $50.00 administrative fee or file a complete Application to Proceed In Forma Pauperis within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff and deny any pending unrelated motions as moot.

(5) Plaintiff's Motion to Seal Document (Doc. 6) is **granted**; the Clerk of Court must **file under seal** the exhibits attached to the Motion (currently lodged at Doc. 7).[2]

(6) The Clerk of Court must mail Plaintiff a court-approved form for filing an Application to Proceed In Forma Pauperis (Non-Habeas).

Dated this 12th day of March, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

---

[2] Only the exhibits will be sealed, the Court will not seal the Motion.

**Instructions for Prisoners Applying for Leave to Proceed In Forma Pauperis
Pursuant to 28 U.S.C. § 1915 in a Civil Action (Non-habeas) in Federal Court**

You must pay the $350.00 filing fee plus the $50.00 administrative fees for a civil action. If you later file an appeal, you will be obligated to pay the $505.00 filing fee for the appeal.

If you have enough money to pay the full $400.00 filing and administrative fees, you should send a cashier's check or money order payable to the Clerk of the Court with your complaint.

If you do not have enough money to pay the full $400.00 filing and administrative fees, you can file the action without prepaying the fees. However, the Court will assess an initial partial filing fee. The initial partial filing fee will be the greater of 20% of the average monthly deposits or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit. The Court will order the agency that has custody of you to withdraw the initial partial filing fee from your prison or jail account as soon as funds are available and to forward the money to the Court.

After the initial partial filing fee has been paid, you will owe the balance of the $350.00 filing fee (you will not be required to pay the $50.00 administrative fee). Until the filing fee is paid in full, each month you will owe 20% of your preceding month's income. The agency that holds you in custody will collect that money and forward it to the Court any time the amount in your account exceeds $10.00. These installment fees are calculated on a per-case basis. This means that you will be required to pay 20% of your preceding month's income for **each** civil non-habeas corpus case in which you have an outstanding filing fee balance. For example, if you are making payments toward filing fee balances in two civil non-habeas corpus cases, 40% of your preceding month's income will be collected each month. The balance of the filing fee may be collected even if the action is later dismissed, summary judgment is granted against you, or you fail to prevail at trial.

To file an action without prepaying the filing fee, and to proceed with an action in forma pauperis, you must complete the attached form and return it to the Court with your complaint. You must have a prison or jail official complete the certificate on the bottom of the form and attach a certified copy of your prison or jail account statement for the last six months. If you were incarcerated in a different institution during any part of the past six months, you must attach a certificate and a certified copy of your account statement from each institution at which you were confined. If you submit an incomplete form or do not submit a prison or jail account statement with the form, your request to proceed in forma pauperis will be denied.

Even if some or all of the filing fee has been paid, the Court is required to dismiss your action if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief can be granted; or (4) your complaint makes a claim against a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from filing any other action in forma pauperis unless you are in imminent danger of serious physical injury.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

_____ ,

Plaintiff,

v.

_____ ,

Defendant(s).

CASE NO. _____

APPLICATION TO PROCEED
IN FORMA PAUPERIS
BY A PRISONER
CIVIL (NON-HABEAS)

    I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

    In support of this application, I answer the following questions under penalty of perjury:

1. Have you ever before brought an action or appeal in a federal court while you were incarcerated or detained?  ☐Yes  ☐No  If "Yes," how many have you filed? _____.
Were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted?  ☐Yes  ☐No  If "Yes," how many of them? _____.

2. Are you currently employed at the institution where you are confined?  ☐Yes  ☐No
If "Yes," state the amount of your pay and where you work. _____
_____
_____

3. Do you receive any other payments from the institution where you are confined?  ☐Yes  ☐No
If "Yes," state the source and amount of the payments. _____
_____
_____

4. Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined? ☐Yes ☐No
   If "Yes," state the sources and amounts of the income, savings, or assets. _____
   _____
   _____

   I declare under penalty of perjury that the above information is true and correct.

   _____    _____
   DATE                              SIGNATURE OF APPLICANT

---

## ACKNOWLEDGEMENT OF COLLECTION OF FILING FEES FROM TRUST ACCOUNT

I, _____, acknowledge that upon granting this Application, the Court will order designated correctional officials at this institution, or any other correctional institution to which I am transferred, to withdraw money from my trust account for payment of the filing fee, as required by 28 U.S.C. § 1915(b).

The Court will require correctional officials to withdraw an initial partial payment equal to 20% of the greater of:
   (A) the average monthly deposits to my account for the six-month period preceding my filing of this action, or
   (B) the average monthly balance in my account for the six-month period preceding my filing of this action.

After the initial payment, if the amount in my account is at least $10.00, the Court will require correctional officials to withdraw from my account 20% of each month's income and forward it to the Court until the required filing fee is paid in full. I understand that I am required to pay the entire fee, *even if my case is dismissed by the Court before the fee is fully paid.*

I further understand that if I file more than one action, correctional officials will be ordered to withdraw 20% of each month's income, for each action, simultaneously. Accordingly, if I have filed two actions, correctional officials will withdraw 40% of my income each month; three actions will require 60% of my income each month, etc.

_____    _____
DATE                              SIGNATURE OF APPLICANT

---

## CERTIFICATE OF CORRECTIONAL OFFICIAL
## AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I, _____, certify that as of the date applicant signed this application:
   (Printed name of official)
The applicant's trust account balance at this institution is: $_____
The applicant's average monthly deposits during the prior six months is: $_____
The applicant's average monthly balance during the prior six months is: $_____
The attached certified account statement accurately reflects the status of the applicant's account.

_____
DATE     AUTHORIZED SIGNATURE        TITLE/ID NUMBER        INSTITUTION

Revised 6/22/16

2