WO                                                                                                         KM

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Melinda Gabriella Valenzuela, | No. CV 20-00335-PHX-MTL (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| Unknown Ornelas, et al., | |
| Defendants. | |

On February 13, 2020, Plaintiff Melinda Gabriella Valenzuela,[1] who is confined in the Arizona State Prison Complex-Florence, filed a Motion for Leave to File Pursuant to Court Order, an Application to Proceed In Forma Pauperis, and a Motion to Seal Document, and lodged a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. In a March 12, 2020 Order, the Court granted the Motion to File, directed the Clerk of Court file the Complaint, granted the Motion to Seal, and denied the Application to Proceed with leave to refile.

On April 1, 2020, Plaintiff filed a new, deficient Application to Proceed In Forma Pauperis, which the Court denied in an April 30, 2020 Order. On May 19, 2020, Plaintiff filed a complete Application to Proceed In Forma Pauperis (Doc. 15). Plaintiff has also filed three Motions to Seal Documents (Docs. 17, 19, and 21).

---

[1] Plaintiff has also filed Complaints under the names Enrique Gabrielle Mendez, Enrique Mendez-Valenzuela, and Quennell Glover. Plaintiff is a transgendered woman and refers to herself with feminine pronouns.

TERMPSREF

The Court will order Defendants Eze, Gilwreath, and Rounds to answer Count Two of the Complaint and will dismiss the remaining claim and Defendants without prejudice.

## I.    Application to Proceed In Forma Pauperis and Filing Fee

The Court will grant Plaintiff's May 19, 2020 Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. *Id.* The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for

relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

### III.    Complaint

Plaintiff names the following Defendants in her two-count Complaint: Correctional Officers II Ornelas, Camp, Jones, and Harris; Nurse Practitioner Eze; Medical Director Gilwreath; Registered Nurse Rounds; and Centurion Health Care.  Plaintiff seeks injunctive relief and monetary damages.

In Count One, Plaintiff alleges that "from 11-17-19 to present day of filing, Plaintiff has been assaulted by CO II Ornelas, COII Jones, COII Harris; CO II Camp, she was dropped on the floor let go of [her] as he was trying to take [her] down the stairs."  Plaintiff claims Defendants let go of her and she was "slammed" onto the floor.  Plaintiff states she was not violent or making threats.  Plaintiff also claims "CO II Camp . . . touched [her] sexually as well and they would not get a supervisor."

In Count Two, Plaintiff alleges she contracted hepatitis C from a blood transfusion in April 2019. Plaintiff claims Defendants Eze, Gilwreath, and Rounds are aware of the diagnosis, have "seen her elevated blood levels," but are refusing to provide treatment. Plaintiff claims she suffers pain, "elevated blood levels, swelling in stomach, swelling her liver, dizziness, headaches, chest problems."  Plaintiff further claims "Centurion staff have stalled, delayed and refused to provide proper care."

. . . .

. . . .

**IV. Failure to State a Claim**

    **A. Count One**

When an inmate claims that prison officials violated her Eighth Amendment rights by using excessive physical force, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  However, the Supreme Court has made it clear that not every use of physical force violates the Eighth Amendment:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d [1028, 1033 (2nd Cir. 1973)] ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights").

*Id.* at 9.

Plaintiff has not alleged sufficient facts in Count One to state an Eighth Amendment excessive force claim.  First, Plaintiff states that from November 17, 2019 "to present day of filing," Defendants have "assaulted" her.  Plaintiff filed the Complaint on February 13, 2020.  It is therefore unclear when in this three-month period the alleged incident occurred.  Further, Plaintiff does not describe the circumstances surrounding the incident and it is unclear that Defendants "dropped" Plaintiff maliciously and sadistically for the purpose of causing harm or whether their actions were simply negligent.

To the extent Plaintiff alleges Defendant Camp touched her sexually, her allegations are too vague to state a claim.  Plaintiff does not provide a date for the alleged incident, describe the any of the circumstances surrounding the incident, or describe what she means by "touched sexually."  The Court will dismiss Count One for failure to state a claim.

    **B. Defendant Centurion**

To state a claim under § 1983 against a private entity performing a traditional public function, such as providing medical care to prisoners, a plaintiff must allege facts to support that her constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity.  *See Tsao v. Desert Palace, Inc.*, 698 F.3d

1128, 1138-39 (9th Cir. 2012); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (per curiam). A plaintiff must allege the specific policy or custom and how it violated her constitutional rights. A private entity is not liable merely because it employs persons who allegedly violated a plaintiff's constitutional rights. *See Tsao*, 698 F.3d at 1139; *Buckner*, 116 F.3d at 452.

Plaintiff does not allege that any of the conduct described in the Complaint was the result of a specific policy or custom of Defendant Centurion. Accordingly, the Court will dismiss without prejudice Defendant Centurion.

**V.      Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has adequately stated an Eighth Amendment medical claim against Defendants Eze, Gilwreath, and Rounds for the alleged denial of medical treatment for Plaintiff's hepatitis C. The Court will require Defendants Eze, Gilwreath, and Rounds to answer Count Two.

**VI.     Motions to Seal Documents**

Plaintiff has filed three Motions to Seal Documents and lodged proposed exhibits. The Court will grant the Motions and direct the Clerk of Court to file the proposed exhibits under seal.

**VII.    Warnings**

**A.      Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of her release, either (1) notify the Court that she intends to pay the unpaid balance of her filing fee within 120 days of her release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

**B.      Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other

relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that she files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 15) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) Plaintiff's Motions to Seal Documents (Docs. 17, 19, and 21) are **granted**. The Clerk of Court must file under seal the lodged documents.

(4) Count One is **dismissed** without prejudice.

(5) Defendants Ornelas, Camp, Jones, Harris, and Centurion are **dismissed** without prejudice.

(6) Defendants Eze, Gilwreath, and Rounds must answer Counts Two.

(7) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 9), this Order, and both summons and request for waiver forms for Defendant Eze, Gilwreath, and Rounds.

(8)     Plaintiff must complete[2] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(9)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(10)    The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(11)    The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.

(12)    A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(13)    The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

   (a)    personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

---

[2] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works.  Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

(b)     within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(14)   Defendants Eze, Gilwreath, and Rounds must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(15)   Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(16)   This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 29th day of June, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

TERMPSREF