LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
TELEPHONE: (602) 271-7700
FACSIMILE: (602) 258-7785
Sarah L. Barnes /Bar No. 020362
E-mail: slb@bowwlaw.com
         kel@bowwlaw.com

Attorneys for Defendants Valerie Gilreath, MD, Kari Rounds, RN and Chidozie Eze, PA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melinda Gabriella Valenzuela,<br><br>Plaintiff,<br><br>v.<br><br>Unknown Ornelas, *et. al*,<br><br>Defendants. | No. CV 20-00335-PHX-MTL (MHB)<br><br>**ANSWER** |

Defendants Valerie Gilreath, M.D., Kari Rounds, RN, and Chidozie Eze, PA, ("Defendants") with respect to allegations on or after July 1, 2019, by and through undersigned counsel, hereby answer Plaintiff's Complaint (Dk. No. 9), pursuant to this Court's Order dated June 29, 2020, (Dk. No. 23), as follows:

1.     Defendants admit that venue is proper, and this Court has jurisdiction over this matter pursuant to 42 U.S.C. §1983 or the Eighth Amendment.  However, Defendants deny any allegations pertaining to or implying liability for damages or injunctive relief and deny they are depriving Plaintiff of any rights under any state, federal or common law.

2.     Defendants admit that Plaintiff was in ADOC custody during the timeframe of the events alleged, and they admit that Centurion of Arizona, L.L.C. ("Centurion")

began providing healthcare at the State-run prisons on July 1, 2019, and that they began providing healthcare for Centurion on that date.

3.      Defendants Gilreath, Rounds and Eze deny Plaintiff's allegations in Count II of the Complaint, pertaining to or implying liability for any damages, including punitive damages, and they specifically deny they have failed or refused to properly treat Plaintiff's Hepatitis C, have failed to provide adequate medical care or have been deliberately indifferent to Plaintiff's serious medical needs, and further deny they have caused any injury.

4.      With respect to administrative remedies, Defendants admit that there are administrative remedies available to the inmates. Defendants are without sufficient information to admit or deny whether Plaintiff exhausted his administrative remedies and therefore deny the same.

5.      Defendants also aver that the medical and institutional records speak for themselves as to Plaintiff's ongoing medical care and conditions. To the extent that Plaintiff's Complaint contains allegations regarding ongoing care that are not consistent with or addressed within the records, they are herein denied.

6.      Defendants deny any and all allegations not specifically admitted herein, which pertain to or imply any liability as to these Defendants on or after July 1, 2019, and any allegations for actions/inaction prior to July 1, 2019, are not directed at them (as they are answering herein and represented by undersigned counsel), and are being addressed by other Defendants or separate counsel for Defendants.

## AFFIRMATIVE DEFENSES

1.      Defendants deny that Plaintiff has been denied any right protected by the United States Constitution, the United States Code, or any state constitutions or laws.

2.      Plaintiff fails to state a claim upon which relief may be granted, including the claim for damages and punitive damages.

3.     Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), thereby warranting dismissal of the case. *See* U.S.C. §1997e(a).

4.     Defendants allege that no custom, policy or practice exists or existed which may be shown to be the moving force behind any alleged constitutional violation.

5.     Defendants allege that any actions by them furthered or furthers a legitimate interest in providing appropriate care and treatment to Plaintiff, thereby warranting dismissal of Plaintiff's claims.

6.     Defendants plead the affirmative defense of failure to mitigate damages.

7.     Defendants plead the affirmative defense of contributory negligence and assumption of risk.

8.     Defendants affirmatively assert that they are not liable for the policies and procedures of any other Defendant, contracted provider, outside provider or outside facility and/or any non-party at fault.

9.     Plaintiff merely disagrees with her course of medical treatment, which is not actionable under 42 U.S.C. §1983.

10.     Plaintiff alleges only a difference of opinion among her medical providers, which is not actionable under 42 U.S.C. §1983.

11.     The injuries and damages alleged in the Complaint, if any, were proximately caused by the acts or the omissions of Plaintiff, other Defendants, third persons or entities and/or other non-parties at fault for which Defendants are not liable.

12.     In order to avoid waiver, Defendants assert the following defenses should discovery reveal these defenses are appropriate, specifically, the affirmative defenses set forth in Rule 8(c), F.R.C.P. and Rule 12.

13.     Plaintiff's claims are barred by the statute of limitations.

14.     Defendants reserve their right to amend their affirmative defenses and to add new affirmative defenses in the event future discovery reveals the existence of or need for the same.

<strong>JURY DEMAND</strong>

15.     Defendants demand a trial by jury of all triable issues.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants pray for judgment against Plaintiff as follows:

1.     Dismissing the Complaint as to these Defendants with prejudice;

2.     Awarding Defendants such other and further relief as the Court deems just and reasonable under the circumstances.

RESPECTFULLY SUBMITTED 12th day of October, 2020.

BROENING OBERG WOODS & WILSON, P.C.

By: /s/ Sarah L. Barnes_____
    Sarah L. Barnes
    2800 North Central Avenue
    Suite 1600
    Phoenix, Arizona  85004
    Attorneys for Defendants Valerie Gilreath, MD, Kari Rounds, RN and Chidozie Eze, PA

- 4 -

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on October 12, 2020, I electronically transmitted the attached

3  document to the Clerk's Office using the CM/ECF System for filing, with copies submitted

4  by U.S. mail and/or electronically to the following recipients:

5
Melinda G. Valenzuela #172770
6
ASPC Florence
Kasson Unit
7
P.O. Box 8200
Florence, AZ 85132
8
*Plaintiff Pro Se*

9
Anthony J. Fernandez
Nichole L. Cullen
10
Valerie R. Baccaro
Quintairos Prieto Wood & Boyer PA
11
2390 E Camelback Rd., Ste. 440
Phoenix, AZ 85016
12
*Counsel for Defendants*

13

14

15  /s/ Kathy Lake

16

17

18

19

20

21

22

23

24

25

26